W. H. SHIELDS, Adm'r *de bonis non* of J. H. HARRISON *v.* W. H. JONES, Adm'r of B. D. MANN.

Where an administrator sold the effects of his intestate in 1862, and took as a surety to the note given by a purchaser, a person who lived and had all his property in Mississippi, *it was held*, That the administrator was not to be responsible therefor, if such surety was undoubtedly good for the debt when he was taken, though he became insolvent afterwards by the results of the late war.

.  This was a special proceeding brought before the Judge of Probate of Halifax county, by the plaintiff as the administrator *de bonis non* of J. H. Harrison deceased, against the defendant as administrator of B. D. Mann, who was the original administrator of the said Harrison for an account and settlement of his estate. Upon the filing of the defendant's answer, the case was by the consent of the parties, referred to John T. Gregory, the clerk of the Superior Court, (who was also the Judge of Probate,) as a referee to state an account and make a report thereof to the Court of the

Judge of Probate. The account and report were accordingly made by the referee, and the plaintiff filed an exception to the report for that the referee allowed the defendant credit for two notes, dated November, 1862, and amounting principal and interest to $8,734 which his intestate, B. D. Mann, had taken upon the sale of the effects of J. H. Harrison, of whom the said Mann was administrator. The principal in the notes was the widow Martha M. Harrison, and the surety was S. T. Nicholson, who at that time resided in Mississippi, where all his property, real and personal, was situated, but both principal and surety were then undoubtedly good for the amount of the notes, though they became insolvent afterwards by the results of the late civil war. The Judge of Probate overruled the exception and confirmed the report, whereupon the plaintiff took an appeal to Judge WATTS, and he, on the 23d of January, at Chambers, in the city of Raleigh, affirmed the judgment, and the plaintiff appealed to the Supreme Court.

*Batchelor, Edwards & Batchelor*, for the plaintiff.
*Clark & Mullen*, for the defendant.

Referred to *Davis* v. *Marcom*, 4 Jones' Eq. 189; *Nelson* v. *Hall*, 5 Jones' Eq. 32; *Cummings* v. *Mebane*, 63 N. C. Rep. 315; *Shipp* v. *Hetrick*, Ibid. 329; *Kerns* v. *Wallace*, 64 N. C. Rep. 187.

BOYDEN, J. The sale in the case was made to Martha Harrison, who was a resident of the county, and at the time good for the debt. The security was a man of property, worth several times the amount of the debt in land and slaves and other property, but he resided in the State of Mississippi, and his land and other property was in that State. There is no suggestion, that the defendants intestate did not take security that at the time was abundantly

able to discharge all his own debts, together with the debt for which he became security. But the case of the plaintiff is put upon the sole ground, that the security resided in the State of Mississippi, and that his person and property were beyond the jurisdiction of our Courts, and that when an administrator sells property of his intestate, he must take security who reside within the State, and who have their property within the reach of process of our Courts; otherwise such administrator must be held to the same liability, as if he had sold the property, and taken no security.

We do not think this proposition can be maintained to its full extent. Every case where security is taken that resides out of the State must depend upon the circumstances attending the particular case. No one would contend that an administrator living in a county adjoining the Virginia, South Carolina or Tennessee line, might not accept as security a citizen of the adjoining State, who lived near the place of sale, and who was well known to the administrator to be a man of property and ample security for the property sold; the only objection being that the security and his property were not within the jurisdiction of our Courts. The facilities of travel and communication are such at this time that, so far as business transactions are concerned, distance is almost annihilated. At least, so much so, that it would be a harsh and unnecessary rule to hold an administrator personally responsible and as an insurer because he accepted as security on the sale of property a man abundantly responsible but who resided beyond the limits of the State.

We take it that this debt was amply secured and would have been collected but for the results of the recent civil war, and it can hardly be doubted that the same result, to-wit: the loss of the debt, would have occurred had security residing in the State been required, as the same cause that prevented the collection of this debt in Mississippi would have prevented a collection out of a security residing in our

State.  We therefore hold that as the defendant's intestate took security amply sufficient and which security suddenly became insolvent by the results of the war, we see no good reason to visit this loss upon the administrator, who made the sale.

The principles established by the cases cited by defendant's counsel we think fully sustain our ruling in this case.

There is no error.

This will be certified.

PER CURIAM.                    Judgment affirmed.